# Staunton.

## M. O. COMBS v. JOHN H. AGEE.

### September 22, 1927.

1. CONTINUANCES—*Time for Filing Answer—Discretion of Court.*—In the instant case the refusal of the court to grant appellant a continuance and in permitting the appellee to file his answer to the petition of appellant more than six months after the filing of the petition were assigned as error.   These assignments of error were waived in the oral argument, and if they had not been waived there was no merit in them.   The action of the court under the circumstances was not an abuse of the discretion vested in the chancellor as to question of continuance, or of allowing the filing of an answer six months after the filing of appellant's petition.

2. SUBROGATION—*Kinds of Subrogation.*—There are two kinds of subrogation, namely, subrogation by operation of law, as, for example, when a surety on a note pays the note; if the note is secured by a lien, the surety is subrogated to the rights of the original creditor under the lien, and conventional subrogation, that is, subrogation by contract.

3. SUBROGATION—*Subrogation by Law—Original Debt not Paid in Full.*— There can be no subrogation to the rights of another unless the claim of that other is fully satisfied; and, until the whole debt is paid, there can be no interference with the creditor's rights or securities which might, even by bare possibility, prejudice him in the collection of the residue of his claim, for the right of subrogation is rather against the debtor than against the creditor, and subrogation will be denied one who did not pay or furnish the means to pay the entire debt.

4. SUBROGATION—*Conventional Subrogation—Subrogation by Contract— Original Debt not Fully Satisfied by Payment made by Party Seeking Subrogation—Rights as Between Original Creditor and Party Seeking Subrogation—Case at Bar.*—In the instant case appellant sought to be subrogated by contract or conventional subrogation to the rights of appellee, the original creditor.   The debt in question was secured by a vendor's lien.   Appellant contended that at the request of the debtor and appellee he endorsed a note of the debtor, which was applied as a part payment on the purchase money notes, and at the time of this payment on the purchase money notes the debtor and

appellee represented to him that he would be secured by the ven-
dor's lien reserved in the deed from appellee to the debtor. Appel-
lant testified that the debtor and original creditor told him that it
was a land note, "a vendor's lien retained to secure the payment of
the note," and that he afterwards paid the note.

.*Held:* That neither by operation of law nor by convention was appel-
lant entitled to postpone or subordinate appellee's lien rights to his;
that appellee was entitled to be paid in full before appellant's rights
attached.

Appeal from a decree of the Circuit Court of Lee
county. Decree for defendant. Petitioner appeals.

*Affirmed.*

The opinion states the case.

*B. H. Sewell,* for the appellant.

*E. W. Pennington* and *Jas. W. Orr,* for the appellee.

CHICHESTER, J., delivered the opinion of the court.

This is an appeal from a final decree of the Circuit
Court of Lee county entered in the cause of the *Powell
Valley National Bank* v. *H. C. Slemp* and others on
December 7, 1925, in which the court overruled excep-
tions of M. O. Combs, the appellant, to the report of
Special Commissioner R. E. L. Chumbley, taken and
filed as to the finding of the commissioner that appel-
lant (Combs) was not entitled to be subrogated to the
rights of John H. Agee, appellee, in respect to a certain
note for $2,539.20, payable to appellee (Agee) signed
by H. C. and H. G. Slemp, and endorsed by Combs.

[1] There are three grounds of error assigned in the
petition. One was as to the refusal of the court to
grant appellant a continuance from the November
term of court, 1925, to the February term, 1926. The

second was to the action of the court in permitting the appellee to file his answer on November 30, 1925, to the petition of the appellant, which had been filed on April 13, 1925, more than six months prior to the filing of the answer. These assignments of error were waived in the oral argument, and if they had not been there was no merit in them. The action of the court under the circumstances of this case was not an abuse of the discretion vested in the chancellor as to questions of continuance (see *Atkinson* v. *Neblett*, 144 Va. 227, 132 S. E. 326), or of allowing the filing of an answer six months after the filing of appellant's petition. See section 6122, Code.

The third assignment of error is to the action of the chancellor in overruling the exception of appellant, Combs, to the report of Commissioner R. E. L. Chumbley, filed May 18, 1925, wherein the commissioner reported adversely to the claim of Combs, and in confirming the report.

This assignment raises the sole question for decision by this court; that is, whether, so far as the $2,539.20 note is concerned, the appellant is entitled to be subrogated to the rights of the appellee, Agee. Appellant contends that he is entitled to subrogation by contract, or conventional subrogation. There is no contention that appellant is entitled to subrogation by operation of law.

The pertinent facts upon the question in controversy are as follows: The Powell Valley National Bank of Jonesville, on the third Monday in January, 1923, filed in the Circuit Court of Lee county its original bill in chancery against H. C. Slemp, H. G. Slemp, J. H. Agee and some others, the object of which was to enforce certain judgment liens against a 254-acres tract of land which J. H. Agee and wife on April 26, 1920, had

conveyed to said H. C. Slemp in consideration of the sum of $13,486.80, of which sum $4,500.00 was paid in cash and $4,493.40 with interest, to be paid by March 25, 1921, and $4,493.40, the residue of the purchase price, with its interest, to be paid on March 25, 1922; that Agee in his deed to Slemp reserved a vendor's lien to secure the payment of the deferred payments, which were evidenced by notes payable to Agee; that the chancery suit was matured for hearing on June 6, 1923, and R. E. L. Chumbley was appointed by the court to ascertain and report "all liens against the lands of H. C. Slemp," etc; that Chumbley, pursuant to the decree, after giving the notice required, began, on August 28, 1923, to take proof and to hear evidence in the performance of his duties under decree; that at the request of Chumbley, Combs, appellant, on April 13, 1924, filed his petition, in which he alleged that he "paid for H. C. Slemp on the two deferred purchase money notes on March 25, 1921, the sum of $2,539.20 at the instance and request of the said H. C. Slemp and J. H. Agee, and that before and at the time this payment was made on the purchase money notes H. C. Slemp and J. H. Agee represented to him that he would be secured by the vendor's lien reserved in the deed from Agee and wife to H. C. Slemp." The petition then proceeds: "And your petitioner is advised that he has the right to be substituted to all the rights of the said J. H. Agee, to, in and under said vendor's lien retained in said deed as aforesaid for the said payments made by him on the said purchase money notes."

Appellee answered the petition and denied the allegations thereof, which presented the issue to be passed upon by the commissioner and the court. The commissioner completed his report and filed it with

the evidence taken before him, with the papers of the cause, on May 18, 1925, wherein he found that the total of all liens of all kinds against the 254 acres of land was nearly $25,000.00 and that the balance of appellee's vendor's lien against the 254 acres of land, with interest thereon counted to May 15, 1925, amounted to $9,714.43, after deducting therefrom said $2,539.20, and the appellant was not entitled to be subrogated to the rights of J. H. Agee, the land not having brought sufficient to satisfy the amount ($9, 714.43) due Agee.

Exception to this finding of the commissioner was duly filed but the court overruled the exception and confirmed the report. The third assignment of error as stated is, that the court erred in overruling the exception of appellant to that part of the commissioner's report which found that Combs was not entitled to be subrogated or substituted to the rights of Agee's vendor's lien to the extent of said $2,539.20 and in not holding it to be a lien prior to the balance of the vendor's lien in favor of appellee.

[2, 3] As stated heretofore, there are two kinds of subrogation, to wit, subrogation by operation of law, as, for example, when a surety on a note pays the note; if the note is secured by a lien, the surety is subrogated to the rights of the original creditor under the lien to the extent of the payment made by him as surety. But, even in such a case, if the surety's payment does not discharge the debt in full, the surety's rights under the lien of the deed of trust are subordinate to and not superior to the rights of the original creditor who has the first lien for the balance due him. See 25 R. C. L. (Subrogation) 13–18; see also 37 Cyc. 379, where this is said: "There can be no subrogation to the rights of another unless the claim of that other is fully satisfied; and, until the whole

debt is paid, there can be no interference with the creditor's rights or securities which might, even by bare possibility, prejudice him in the collection of the residue of his claim, for the right of subrogation is rather against the debtor than against the creditor, and subrogation will be denied one who did not pay or furnish the means to pay the entire debt."

See also *Grubbs* v. *Wysors*, 32 Gratt. (73 Va.) 127; *Brighthope Railway Co.* v. *Rogers*, 76 Va. 447; *Knaffl* v. *Knoxville Bank and Trust Co.*, 133 Tenn. 655, 182 S. W. 232, Ann. Cas. 1917C, page 1182; Sheldon on Subrogation, sections 5, 127, 248; *Sherman* v. *Shaver*, 75 Va. 8; *Neal* v. *Buffington*, 42 W. Va. 327, 26 S. E. 172.

The appellant does not claim under the doctrine of subrogation by operation of law.

The other kind of subrogation is known as conventional subrogation; that is, subrogation by contract. It is under this kind of subrogation that appellant claims, and his rights to subrogation depend, of course, upon the terms of his contract if there was one. The appellee denies that there was a contract of subrogation, and upon this question there is a direct conflict in the evidence.

Our examination of the evidence in the case, however, leads us to the conclusion that even if appellant's testimony as to the alleged agreement be accepted as true, it falls short of establishing a contract under which the rights of the appellant become superior to those of the appellee. At most, under the terms of the contract as testified to by appellant, he was put in the position of a surety who had paid a *part* of the debt secured to the original creditor, and under the authorities heretofore cited his rights under the lien were subordinate to those of appellee.

The appellant's testimony with reference to the agreement is as follows:

"Q. I hand you a note dated March 25, 1921, for $2,539.20, filed with the deposition of A. G. Hyatt, and ask you to state whether you signed that note as endorser?

"A. Yes, I signed it.

"Q. Please take said note and state the circumstances under which you signed that note as endorser and at whose instance and request, and for what purpose?

"A. Well, Clint Slemp brought this into my office first and said he wanted to show it to me and get me to sign it if I would. I was very busy and just barely looked at it and said, it looks like it has plenty of names on it and is all right. I said, I am on notes enough, Clint, and I do not care to sign it. He said, it is a land note, a vendor's lien, it is all right. So I never signed it. Later on him and Agee, John H. Agee, both were in my office and insisted on my signing it and said it would help John, he needed the money and he could get the money on it, if I would sign it. They spoke about it being on land, a land note, and I did sign the note.

"They said it was a land note, a vendor's lien retained to secure the payment of the note. I paid the said note."

It is very clear that there is nothing in the testimony of the appellant or of any other witness which indicates the appellee intended to abandon his rights under his reserved lien in favor of appellant to the extent of the payment made by the latter. The most that can be said is that appellee and Slemp told appellant that the note was a "land note, a vendor's lien retained to secure the payment of the note." The statement is so indefinite in many respects that it is quite impossible to

say exactly what it does mean, but certainly it cannot be construed to mean that as to the $2,539.20 note the appellee agreed that appellant's rights should take precedence over his under the vendor's lien, and that is just what we would have to do to sustain the appellant's contention.

[4] We conclude that neither by operation of law nor by convention is appellant entitled to postpone or subordinate Agee's lien rights to his. Appellee is entitled to be paid in full before appellant's rights attach, and as the land did not bring enough to satisfy the balance of the debt due appellee, appellant is entitled to nothing in this suit.

The circuit court having so held, there was no error in its decree.

*Affirmed.*